UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| UNITED STATES, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Court No. 11-00078 ) |
| NITEK ELECTRONICS, INC., | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

1.     This is an action to recover duties, antidumping duties, and penalties for violations of 19 U.S.C. §§ 1592(a) and 1592(d).

2.     This Court possesses exclusive jurisdiction to entertain this action pursuant to 28 U.S.C. § 1582.

### A.     The Defendant

3.     Defendant, Nitek Electronics, Inc. ("Nitek"), is a Texas corporation which maintains its business offices at 10763 Mapleridge Drive, Dallas, Texas 75238.

4.     Nitek's registered agent is Jingdong Li. Mr. Li maintains his registered agent address at 1609 Richforest Road, Richardson, TX 75081. Mr. Li also is Nitek's President.

### B.     The Entries And The Violations

5.     This action involves 36 shipments/importations of gas meter swivels and gas meter nuts from China into the United States by Nitek. Exhibit A. Gas meter swivels and nuts are used to connect gas meters to piping systems.

6. Between June 14, 2001, and March 22, 2004, Nitek entered into the United States by means of material false statements or omissions the 36 shipments that are the subject of this complaint.

7. Specifically, Nitek submitted to U.S. Customs and Border Protection ("Customs") entry summaries that incorrectly classify the gas meter swivels and nuts under U.S. Harmonized Tariff Schedule ("HTSUS") nos. 7326.90.8576 or 7326.90.8587 (at a duty rate of 2.9 percent *ad valorem*).

8. The appropriate classification for the gas meter swivels and nuts imported by Nitek is HTSUS no. 7307.19.9080 (at a duty rate of 6.2 percent *ad valorem*).

9. In December 2003, the Department of Commerce ("Commerce") determined that imports of malleable iron pipe fittings from China were being sold at less than fair value and issued an antidumping order imposing a 111.36 percent dumping margin upon all Chinese producers and exporters of malleable iron pipe fittings, cast, other than grooved. *Certain Malleable Iron Pipe Fitting, Cast, Other Than Grooved, from the People's Republic of China*, 68 Fed. Reg. 69,376 (Dept. of Commerce Dec. 12, 2003)(antidumping order).

10. Seven of Nitek's shipments of gas meter swivels and nuts are subject to an antidumping duty rate of 111.36 percent pursuant to antidumping order A570-881-000 described in ¶ 9. Nitek, however, did not classify the gas meter swivels and nuts it imported as being subject to antidumping duties and did not remit to Customs the applicable duties.

11. The 111.36 percent dumping margin was in effect throughout the importation of seven of the shipments at issue here. Exhibit A.

12. Nitek unsuccessfully sought a ruling from Commerce to exclude the gas meter swivels and nuts it imported from the scope of the antidumping order

13. The 36 importations by Nitek described in Exhibit A were entered or introduced into the commerce of the United States by means of material and false statements, acts and/or omissions in violation of 19 U.S.C. §§ 1481, 1484, 1485 and 1592, and 19 C.F.R. §§ 141.61 and 141.86.

14. At the time of each of the importations, Nitek knew or should have known the correct classification of the merchandise.

15. The false statements, acts and/or omissions by which Nitek imported the 36 shipments of gas meter swivels and nuts into the United States were material because they influenced Customs' assessment of normal duties antidumping duties.

16. The materially false statements, acts and/or omissions described above in paragraphs 5, 6, 7, and 8 constitute violations of 19 U.S.C. § 1592(a).

17. As a result of Nitek's materially false statements, acts and/or omissions the United States was deprived of $17,120.09 in normal duties and $143,953.96 in antidumping duties for the importations described in Exhibit A.

18. The domestic value of the merchandise imported by Nitek is $771,231.61. Exhibit A.

19. As a result of its violation of section 1592, Nitek is liable to the United States for penalties in the amount of $322,148.10, which represents two times the lawful duties of which the United States was deprived and, in accordance 19 U.S.C. 1592(c)(2)(A), a lesser amount than the domestic value of the merchandise.

### D.     Customs' Administrative Proceedings

20. On April 1, 2004, Customs issued a duty demand, pursuant to 19 U.S.C. § 1592(d), requesting Nitek to remit the duties due as a result of its failure to properly and accurately classify the merchandise it entered into the United States. Exhibit B.

21. On July 8, 2004, Nitek submitted a request for internal advice to Customs' Office of Rulings and Regulations ("OR&R"), seeking a ruling upon the proper classification for the gas meter swivels. Exhibit C.

22. On December 21, 2004, OR&R issued ruling no. 967299, reiterating to Nitek that the proper classification for the gas meter swivels and nuts imported by Nitek was HTSUS 7307.19.9060 (at a duty rate of 6.2 percent *ad valorem*). Exhibit D.

23. Subsequently, in accordance with section 1592, Customs issued a pre-penalty notice to Nitek demanding the lost duties pursuant to section 1592(d) and a section 1592(a) penalty based upon gross negligence. Exhibit E. Nitek responded by submitting a statute of limitations waiver dated March 30, 2005, and valid through March 30, 2007. Exhibit F.

24. In a letter dated April 1, 2005, Nitek, through counsel, requested Customs not to liquidate the entries connected with the pre-penalty notice and that Customs withhold issuing a penalty notice pending resolution of *Sango International L.P. v. United States*, Court No. 05-00145, then pending in this Court. Exhibit G. Counsel for Nitek stated in his request that "the validity of the assessment of antidumping duties in connection with the imported gas meter swivels and gas meter nuts is the sole issue presented for resolution by the Court." Exhibit G at p. 1.

25. Customs stayed administrative proceedings pending the outcome of the litigation and requested Nitek to execute a second statute of limitations waiver. Exhibit H. This second waiver extended the statute of limitations until March 30, 2009. Exhibit I.

26. In *Sango International L.P. v. United States*, 429 F. Supp. 2d 1356 (Ct. Int'l Trade 2006) (*Sango I*), this Court affirmed the Government's determination that the gas meter swivels and nuts at issue in this case are subject to antidumping duties. Nitek's counsel advised Customs that he had appealed *Sango I* to the United States Court of Appeals for the Federal Circuit. Exhibit I. Thus, Customs continued to stay the administrative proceedings.

27. In *Sango International, L.P. v. United States*, 484 F.3d 1371 (Fed. Cir. 2007) (*Sango II*), the Federal Circuit reversed and remanded the case with the instruction that this Court, in turn, remand the case to Commerce so that Commerce could consider the criteria set forth in 19 C.F.R. § 351.225(k)(2) in arriving at a scope determination. Upon remand, Commerce again determined that the gas meter swivels were subject to the applicable antidumping order. In *Sango Int'l L.P. v. United States*, 556 F. Supp. 2d 1327 (Ct. Int'l Trade 2008) (*Sango III*) this Court sustained Commerce's remand determination which Sango appealed to the Federal Circuit. Federal Circuit, in *Sango International L.P. v. United States*, 567 F.3d 1356 (Fed. Cir. 2009) (*Sango IV*), affirmed this Court's opinion in *Sango III*. Sango sought rehearing but its petition was denied. *Sango International L.P. v. United States*, 2009 U.S. App. LEXIS 25322 (Fed. Cir. 2009).

28. Nitek, for its part, pursued an action in this Court, *Nitek Electronics, Inc. v. United States* (CIT No. 08-00218), in which it appeared to protest of OR&R's classification ruling. Exhibit J. The matter was dismissed for failure to prosecute.

29. By letter dated October 23, 2008, Customs submitted a third request for a statute of limitations waiver to Nitek which Nitek promptly executed extending the statute of limitations through March 30, 2011.  Exhibits K and L.

30. On February 24, 2011, after the litigation described in ¶¶ 24, 26, 27 and 28 concluded, Customs issued Nitek a penalty notice demanding payment for the duties and antidumping duties improperly withheld by Nitek in violation of section 1592.  Exhibit M.  The penalty notice proposed a penalty assessment in the amount of four times the loss of revenue grounded in gross negligence.  Exhibit M.

31. All administrative notices and demands for payment issued by Customs were processed in accordance with applicable laws and procedures.

32. To date, neither Nitek nor any other entity has paid the duties or the penalties the Government seeks in this action.

## Count I (Normal Duties)

33. The allegations contained in paragraphs 1 through 32 are restated and incorporated herein by reference.

34. Pursuant to 19 U.S.C. § 1592(d), and as a result of Nitek's negligent violations of 19 U.S.C. § 1592(a), Nitek is liable to the United States for $17,120.09 in normal duties of which the United States has been deprived, plus interest as provided by law.

## Count II (Antidumping Duties)

35. The allegations contained in paragraphs 1 through 34 are restated and incorporated herein by reference.

36. Pursuant to 19 U.S.C. § 1592(d), and as a result of Nitek's negligent violations of 19 U.S.C. § 1592(a), Nitek is liable to the United States for $143,953.96 in antidumping duties (with respect to entry numbers ) of which the United States has been deprived, plus interest as provided by law.

## Count III (Penalty Based Upon Negligence)

37. The allegations in paragraphs 1 through 36 above are restated and incorporated by reference.

38. The material false statements, acts and/or omissions described in paragraphs 5 and 6 above were the result of Nitek's failure to exercise the degree of reasonable care and competence expected from a person in the same circumstances, and, thus, constitute negligent violations of 19 U.S.C. § 1592(a).

39. As a result of its negligent violations of 19 U.S.C. § 1592(a), Nitek is liable to the United States, pursuant to 19 U.S.C. § 1592(c)(3), for a penalty in the amount of $322,148.10, which represents two times the lawful duties of which the United States was deprived.

WHEREFORE, the United States respectfully requests that the Court:

(A) enter judgment for the United States against Nitek for normal duties in the amount of $17,120.09, plus interest and costs as provided by law; and

(B) enter judgment for the United States against Nitek for lost antidumping duties in the amount of $143,953.96, plus interest and costs as provided by law; and

(C) enter judgment for the United States against Nitek for a penalty in the amount of $322,148.10, plus interest, and costs as provided by law; and

(D) enter judgment for the United States against Nitek for such other and further relief as the Court may deem appropriate.

<div style="margin-left:50%">

Respectfully submitted,

TONY WEST
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/ Delisa M. Sánchez
DELISA M. SANCHEZ
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
TEL.: (202) 616-0337
FAX: (202) 305-7643
E-mail: Delisa.Sanchez@usdoj.gov

Attorneys for Plaintiff

</div>

Of Counsel

ERIC P. DELMAR
Attorney
Office of Associate Chief Counsel
U.S. Customs and Border Protection
2323 S. Shepherd Drive, Suite 1246
Houston, TX 77019

March 30, 2011