Slip Op. 12-105

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| UNITED STATES, | |
| Plaintiff, | Before: Judith M. Barzilay, Senior Judge |
| v. | Court No. 11-00078 |
| NITEK ELECTRONICS, INC., | |
| Defendant. | |

[Motion for reconsideration denied.]

August 7, 2012

*Stuart F. Delery*, Acting Assistant Attorney General; *Jeanne E. Davidson*, Director; *Patricia M. McCarthy*, Assistant Director; *Delisa M. Sanchez*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; and *Eric P. Delmar*, U.S. Customs and Border Protection, Of Counsel, for Plaintiff United States.

Baker & McKenzie, LLP (*William D. Outman, II*, *Michael E. Murphy*, *Kevin J. Sullivan*) for Defendant Nitek Electronics, Inc.

### **MEMORANDUM & ORDER**

BARZILAY, Senior Judge:  Plaintiff United States ("Plaintiff") moves under USCIT Rule 59 for reconsideration of the court's opinion dismissing in part its action to recover penalties and lost duties on entries of gas meter swivels and gas meter nuts from the People's Republic of China.  *See United States v. Nitek Elecs., Inc.*, 36 CIT __, 844 F. Supp. 2d 1298 (2012) ("*Nitek I*").[1]  Specifically, Plaintiff argues that the court erred in dismissing its penalty claim for negligence for failure to exhaust the administrative remedies enumerated in 19 U.S.C. § 1592.  For the reasons below, the court denies Plaintiff's motion.

---

[1] The court presumes familiarity with the facts and procedural background of this case.

## I. Standard of Review

Granting a motion for reconsideration pursuant to USCIT Rule 59 rests within the sound

discretion of the court.  *Target Stores, Div. of Target Corp. v. United States*, 31 CIT 154, 156,

471 F. Supp. 2d 1344, 1346-47 (2007).  "The major grounds justifying reconsideration are an

intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice."  *E.g.*, *Royal Thai Gov't v. United States*, 30 CIT 1072,

1074, 441 F. Supp. 2d 1350, 1354 (2006) (citation omitted).  A motion for reconsideration serves

as "a mechanism to correct a significant flaw in the original judgment . . . ."  *United States v.*

*UPS Customhouse Brokerage, Inc.*, 34 CIT __, ___, 714 F. Supp. 2d 1296, 1301 (2010) (citation

omitted).  It does not, however, afford a losing party an opportunity "to repeat arguments or to

relitigate issues previously before the court."  *Id.*  "Importantly, the court will not disturb its prior

decision unless it is 'manifestly erroneous.'"  *Starkey Labs., Inc. v. United States*, 24 CIT 504,

505, 110 F. Supp. 2d 945, 947 (2000) (citation omitted).

## II. Discussion

Plaintiff bases its motion primarily on the grounds of clear error.  Plaintiff begins by

noting that § 1592(e)(1) subjects penalty actions brought under that section to de novo review.

Pl.'s Mot. 4-8.  From this, Plaintiff concludes that

> this Court does not review whether [Customs] complied with its statutory or regulatory
> requirements during the administrative proceedings.  Again, whether [Customs] complied
> with its statutory or regulatory obligations is immaterial, so long as this Court possesses
> jurisdiction to review the claims *de novo*, which it does here.

Pl.'s Mot. 12.  Therefore, according to Plaintiff, the court was not empowered to dismiss its

penalty claim for negligence on exhaustion grounds.  Pl.'s Mot. 8.

Plaintiff raised this same argument in its response to Nitek's motion to dismiss.  In

requesting reconsideration, Plaintiff elaborates upon its belief that § 1592(e) renders the Court

powerless to review Customs' obligation to state in the pre-penalty notice and penalty claim

"whether the alleged violation occurred as a result of fraud, gross negligence, or negligence."

*See* § 1592(b)(1)(A)(v); § 1592(b)(2).  The court, however, sees nothing of substance in this

argument that was not already addressed in *Nitek I*.  A party's disagreement with a ruling does

not always equate to "clear error" warranting reconsideration.  More to the point, mere repetition

of unsuccessful arguments is an improper use of Rule 59 and a needless delay to finality.  The

court cannot grant Plaintiff's motion on this basis.

In a sense, Plaintiff's position reflects an understandably confounding dichotomy in the

Court's role in § 1592 actions.  On the one hand, as Plaintiff notes, the statute directs that "all

issues, including the amount of the penalty, shall be tried de novo."  § 1592(e)(1).  This

provision allows the Court to decide the appropriate remedy[2] without being tethered to the claim

imposed below, *see* S. Rep. No. 95-778, at 20 (1978), and indicates the lack of deference the

Court affords Customs' penalty determinations, *see United States v. Optrex Am., Inc.*, 29 CIT

1494, 1499 (2005) (not reported in F. Supp.).  De novo review must, however, be viewed in

context.  As discussed in *Nitek I*, § 1592 creates a cause of action for the government not to

impose a penalty claim but to *recover* a penalty already imposed at the administrative level.  *See*

§ 1592(e); *see also* 28 U.S.C. § 1582(1).  In other words, for the Court to have any role, there

must exist a claim for a specified violation of § 1592(a) – namely, a material false statement or

---

[2] Notably, the Court's power to determine the proper penalty amount is not absolute.  The "Court 'possesses the discretion to determine a penalty within the parameters set by the statute,'" *United States v. Trek Leather, Inc.*, 35 CIT __, ___, 781 F. Supp. 2d 1306, 1312 (2011) (citation omitted), which itself sets a maximum penalty amount for each of the three levels of culpability, § 1592(c).  It is uncontroverted that the de novo review that § 1592(e) provides thus does not render the penalty amount maximums in § 1592(c) immaterial.  Indeed, reading § 1592(e) as rendering any other subsection essentially advisory would likely run afoul of controlling canons of statutory interpretation.  *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) ("[A] statute ought, upon the whole, to be construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." (quoting *Market Co. v. Hoffman*, 101 U.S. 112, 115 (1879))).

omission amounting to "fraud, gross negligence, or negligence" – for which the government is

seeking recovery, thereby limiting the scope of the government's § 1592 action to the

administrative claim Customs imposed below.  The precise penalty claim Customs imposed for

one of these three levels of culpability is thus central to the Court's review, de novo though it

may be.  *See United States v. Ford Motor Co.*, 463 F.3d 1286, 1298 (Fed. Cir. 2006) ("[T]he

Court of International Trade in *Optrex* effectively limited the *de novo* review provided for in

§ 1592(e) to those issues considered in the proceedings before Customs.  Although we are not

bound by the Court of International Trade's decision in *Optrex*, we conclude that it correctly

defines the proper scope of § 1592(e).").  Therefore, Plaintiff's argument does not demonstrate

manifest error in the court's ruling.

Plaintiff doubles down on its argument, however, by stating that "we are aware of no

legal authority that imposes an exhaustion requirement upon the Government in a *de novo*

proceeding where, as here, the jurisdictional prerequisites are satisfied."  Pl.'s Mot. 6.  This

claim does not withstand scrutiny.  Section 2637(d) clearly prescribes that, "[i]n *any* civil action

not specified in [§ 2637(a)-(c)], the Court of International Trade shall, where appropriate, require

the exhaustion of administrative remedies."  28 U.S.C. § 2637(d) (emphasis added).  The Federal

Circuit has clarified that "[t]here is no doubt that the doctrine of exhaustion of administrative

remedies applies to an agency seeking enforcement of administrative action prior to the

completion of the administrative process," but that "[e]xhaustion of administrative remedies is

not strictly speaking a jurisdictional requirement . . . ."  *United States v. Priority Prods., Inc.*, 793

F.2d 296, 300 (Fed. Cir. 1986) (citation omitted).  Additionally, this Court has long applied this

(non-jurisdictional[3]) exhaustion requirement to penalty actions.  *See, e.g.*, *United States v. UPS*

---

[3] Plaintiff does not contest the court's finding in *Nitek I* that the exhaustion required by § 2637(d)
is not a jurisdictional prerequisite to suit.  Pl.'s Mot. 4.

*Customhouse Brokerage, Inc.*, 34 CIT __, ___, 686 F. Supp. 2d 1337, 1346 (2010) ("To

demonstrate that a penalty has been properly imposed under § 1641(d)(2)(A), Plaintiff must

establish both that the broker committed a violation of Customs law as the predicate for the

penalty, and that all formal requirements of the procedure for imposing the penalty were properly

followed by Customs." (footnote omitted)); *United States v. Jean Roberts of Cal., Inc.*, 30 CIT

2027, 2030 (2006) (not reported in F. Supp.) ("Before seeking to recover a penalty in the Court

of International Trade, Customs must perfect its penalty claim in the administrative process

required by Section 592 . . . ."); *United States v. Bavarian Motors, Inc.*, 4 CIT 83, 86 (1982)

("The administrative review by Customs of an importer's protest is obviously a condition

precedent to his commencement of a judicial proceeding.  This requirement is no less applicable

to the Government.  Although the situation . . . of an agency seeking enforcement of

administrative action prior to completion of the administrative review process, is much less

common, there is no reason for a different standard to prevail." (citations and internal quotation

marks omitted)).[4]  As in all actions, Plaintiff is free to distinguish purportedly binding authority

or to urge departure from persuasive precedent.  But Plaintiff is simply incorrect in asserting lack

of any controlling law on the issue of exhaustion in de novo proceedings.

---

[4] The Federal Circuit and this Court have analyzed compliance with § 1592(b) under the rubric
of the discretionary exhaustion requirement in § 2637(d) and the court does so in this case as
well.  The issue at bar, however, is terminologically and metaphysically somewhat more
difficult.  Section 1592(b) provides certain administrative procedures that Customs must follow,
comparable to the administrative protest provisions required prior to § 1581(a) actions.  Under
the predominant approach, Customs' failure to abide by this articulated procedure is best viewed
as a failure to perfect its claim by exhausting crucial administrative remedies prior to seeking
relief in this Court.  Under a different lens, though, the issue of failing to properly impose a
penalty below presents a far more intrinsic defect in Plaintiff's cause of action:  There simply is
no negligence penalty claim for which the government could possibly recover.  Failure to adhere
to § 1592(b) would, in this alternative view, render any subsequent recovery action not an affront
to § 2637(d)-mandated exhaustion but rather an impossibility.  Allowing the government's case
to proceed would then put the court in the position of *imposing* a claim on the importer in the
first instance – a clear departure from the Court's statutory role.

Plaintiff argues that, in any case, Customs satisfied the statutory requirements by placing Nitek on notice of its penalty claim for negligence by imposing a claim for gross negligence – a level of culpability that (by definition, Plaintiff writes yet again) includes the elements necessary to establish negligence.  Pl.'s Mot. 8-11.  Plaintiff avers that Nitek was able to resolve the claim below as it must have been fully aware that Customs viewed it as culpable of negligence in addition to gross negligence.  Pl.'s Mot. 11.  Again, this argument was squarely presented to and rejected by the court in *Nitek I* and has no business arising in a motion for reconsideration.  The court will not repeat its reasoning for rejecting this argument here.  Suffice it to say that Plaintiff continues to cite no authority that demonstrates that the criminal doctrine of lesser-included culpability applies to the (vastly distinguishable) context of civil penalties imposed pursuant to § 1592.  Indeed, Plaintiff has yet to identify a single case in which this Court entertained a § 1592 recovery action for a level of culpability that Customs did not impose below.  In § 1592(b)(1)(A)(v) and § 1592(b)(2), Congress directed Customs to specify certain applicable level(s) of culpability and mandated that the Court "*shall*, where appropriate, require the exhaustion of administrative remedies."  § 2637(d) (emphasis added).  The court will not ignore this clear instruction.

Plaintiff next argues that even if the doctrine of exhaustion applies in § 1592 actions, Nitek was required to demonstrate that it suffered prejudice as a result of Customs' lapse.  Pl.'s Mot. 11-13.  Absent this showing, Plaintiff contends, the court could not properly dismiss the penalty claim for failure to exhaust.  Pl.'s Mot. 11-13.  Yet again, the proper vehicle for this argument was Plaintiff's response to Nitek's motion to dismiss, not a motion for reconsideration.

Even if it were properly before the court, Plaintiff's argument misses the mark.  True,

it is always within the discretion of a court or an administrative agency to relax or modify
its procedural rules adopted for the orderly transaction of business before it when in a

given case the ends of justice require it.  The action of either in such a case is not
reviewable except upon a showing of substantial prejudice to the complaining party.

*Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 539 (1970) (citation and quotation

marks omitted) ("*American Farm Lines*").  The Federal Circuit has applied this principle to find

that the Court may not void certain agency actions for failure to comply with regulatory timing

and notice requirements absent a showing of substantial prejudice.  *See Dixon Ticonderoga Co.*

*v. United States*, 468 F.3d 1353 (Fed. Cir. 2006); *PAM, S.p.A. v. United States*, 463 F.3d 1345

(Fed. Cir. 2006); *Intercargo Ins. Co. v. United States*, 83 F.3d 391 (Fed. Cir. 1996).  In *United*

*States v. UPS Customhouse Brokerage, Inc.*, however, the Federal Circuit found that Customs

must nevertheless abide by its own regulation, 19 C.F.R. § 111.1, and consider all factors

enumerated therein when determining whether a customs broker violated 19 U.S.C. § 1641.  575

F.3d 1376, 1382-83 (Fed. Cir. 2009) ("*UPS*").  On remand, the court in *UPS* applied this ruling

by distinguishing § 111.1 from the regulations at issue in *Dixon Ticonderoga*, *PAM, S.p.A.*, and

*Intercargo*, noting that § 111.1 "cuts to the core of Customs' penalty case against UPS by

partially defining the manner in which Customs may decide whether UPS is liable."  *UPS*

*Customhouse Brokerage, Inc.*, 34 CIT at __, 714 F. Supp. 2d at 1306.

In this case, Customs' lapse was not a failure of proper notice or timing.  As in *UPS*,

failure to perfect its claim by articulating the applicable level of culpability (or culpabilities) cuts

to the core of Customs' penalty claim against Nitek.  Moreover, the prerequisite at issue was not

one of Customs' own procedural rules, as in *American Farm Lines* and the Federal Circuit

precedent upon which Plaintiff relies, but a statutory mandate that Customs perfect claims for the

applicable level(s) of culpability prior to seeking recovery.  Accordingly, a showing of prejudice

was not required for the court to dismiss on exhaustion grounds.  *See United States v. Tip Top*

*Pants, Inc.*, Slip Op. 10-91, 2010 WL 3199884, at *6 (CIT Aug. 13, 2010) (*PAM, S.p.A.* and

*Dixon Ticonderoga* not applicable to exhaustion requirements in § 1592).[5]

Finally, Plaintiff argues that the court's decision in *Nitek I* impermissibly infringes on the

authority of the Department of Justice ("DOJ") to independently evaluate Customs' penalty

claim prior to instituting § 1592 actions.  Pl.'s Mot. 14-16.  Specifically, Plaintiff asserts that it is

DOJ's prerogative to determine whether it can ethically allege the level of culpability specified

in the administrative penalty claim.  Pl.'s Mot. 14-16.  Plaintiff asserts that DOJ undertook such

a review of the claim Customs imposed on Nitek and "concluded that the evidence was more

consistent with negligence than with gross negligence, and we filed a complaint reflecting that

assessment."  Pl.'s Mot. 14.

The court appreciates that Customs and DOJ have their respective roles to play in the

administration of the § 1592 penalty scheme and is wary of intruding on these challenging tasks.

It seems, however, that the predicament DOJ faced could have been avoided had Customs

imposed a claim for gross negligence *and* negligence, thereby perfecting each claim.  Indeed, the

---

[5] Plaintiff also suggests that it would be an inefficient use of judicial resources to allow the government to recover lost duties under § 1592(d) but not penalties.  Pl.'s Mot. 13-14.  In particular, Plaintiff contends that it would be manifestly unjust to prevent a hearing on its penalty claim for negligence as § 1592(d) similarly requires the government to demonstrate one of the aforementioned levels of culpability.  Pl.'s Mot. 13-14.  Applicable case law appears to support Plaintiff's reading of the statute, *see United States v. Pan Pac. Textile Grp., Inc.*, 29 CIT 1013, 1019, 395 F. Supp. 2d 1244, 1250 (2005) ("[I]n order for liability for unpaid duties to accrue under 19 U.S.C. § 1592(d), a violation of 19 U.S.C. § 1592(a) must have been committed through either fraud, gross negligence, or negligence."), though the court need not opine on this now.  It is sufficient to note that the statute makes clear that recovery of lost duties is an independent cause of action.  *See* § 1592(d) (providing that Customs shall recover lost duties "whether or not a monetary penalty is assessed").  This provision extends to those "cases where Customs may not wish to assess a penalty but duty is still lost."  *United States v. Inn Foods, Inc.*, 560 F.3d 1338, 1348 (Fed. Cir. 2009) (citation and internal quotation mark omitted).  Plaintiff fails to explain how an element of one cause of action (demonstrating culpability for § 1592(d)) could negate the prerequisite for another (compliance with § 1592(b)).  Though the court's inquiry regarding culpability might serve a dual purpose in an action where Customs is properly seeking both lost duties and a penalty, there is nothing inherent in this fact that can cause the court to ignore statutory preconditions to a § 1592 penalty action.

Court has entertained § 1592 actions to recover penalties Customs imposed for alternative levels of culpability.  *See, e.g.*, *United States v. Maxi Switch, Inc.*, 22 CIT 778, 18 F. Supp. 2d 1040 (1998); *see also United States v. F.A.G. Bearings, Ltd.*, 8 CIT 294, 296 n.5, 598 F. Supp. 401, 403 n.5 (1984) (interpreting newly enacted § 1592 as requiring Customs to "allege 'fraud,' 'gross negligence,' or 'negligence,' or a combination thereof").  Regardless, § 1592 places the responsibility for determining § 1592(a) violations and imposing penalty claims squarely on the shoulders of Customs and does so with detailed guidelines.  In turn, DOJ must, if called upon, seek recovery through litigation.  Plaintiff's concern regarding DOJ's ability to independently determine levels of culpability is not supported by the applicable statutory regime.  In any case, it is insufficient to overcome the statute's unambiguous requirements.

### III. Conclusion

Plaintiff's position, viewed in isolation, might be appealing.  When viewed through the lens of criminal law, as Plaintiff's argument seems to request, imposing a claim for the greater infraction of gross negligence could pave the way for recovery for the lesser one of negligence. The attractive simplicity of this argument, however, cannot overcome the detailed and unambiguous penalty regime Congress created in § 1592.  This court must "presume that a legislature says in a statute what it means and means in a statute what it says there."  *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296 (2006) (citation omitted). Accordingly, it is hereby

ORDERED that the motion for reconsideration is denied.


Dated:  <u>August 7, 2012</u>                                    <u>/s/ Judith M. Barzilay</u>
     New York, NY                                         Judith M. Barzilay, Senior Judge